IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charone Smith | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.    This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.    Plaintiff Charone Smith is a female resident of the Northern District of Illinois and is among the persons included with the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County,* 08 CV 6946.

3.    Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4.    At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

a.    Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

b.    A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

c.    A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.    Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

**Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.     Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a.     Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b.     Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.    Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

9.    Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about May 6, 2007.

10.    Plaintiff was pregnant when she was admitted to the jail. On or about May 15, 2007, plaintiff was assigned to the Sheriff's "Mom's" program, a residential treatment program for pregnant and postpartum pre-trail detainees which is conducted outside of the Cook County Jail.

11.    On July 25, 2007, Plaintiff was taken to Stroger Hospital for a medical appointment by a counselor from the Mom's program. Plaintiff was not handcuffed or otherwise restrained while being transported to the hospital.

12.    After being seen by her doctor, the plaintiff was admitted to the hospital, and was placed into a labor and delivery room at approximately 3:00 p.m. in the afternoon.

13.    While in the labor and delivery room, as required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

14.    At approximately 6:00 p.m., the plaintiff's doctor induced labor.

15.    As required by defendant Dart's "shackling policy," plaintiff remained shackled while she was in labor.

16.    After the plaintiff had been in labor for in excessive of thirty hours, the medical staff at Stroger Hospital determined that the health of the plaintiff and her unborn child required that the baby be delivered through a cesarean section.

17.    After the plaintiff was transferred to the operating room, an armed Deputy Sheriff removed the shackles from the plaintiff's leg but left the plaintiff handcuffed to the surgical bed.

18.    As required by defendant Dart's "shackling policy," plaintiff remained shackled during post-delivery recovery.

19.    As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

20.    Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the

costs of this action, including reasonable attorney's fees, be taxed
against defendant Cook County.


/s/ <u>Thomas G. Morrissey</u>
Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900


Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

*Attorneys for Plaintiff*