## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARONE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7791 |
| | ) | |
| v. | ) | Judge: Suzanne B. Conlon |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK COUNTY and COOK COUNTY ILLINOIS, | ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants County of Cook and Thomas Dart, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and, answer Plaintiff's Complaint as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

ANSWER: Defendants admits the allegations contained in paragraph one.

2. Plaintiff Charone Smith is a female resident of the Northern District of Illinois and is among the persons included with the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

ANSWER: Defendants deny the allegations contained in paragraph two.

3. Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County,

Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

    ANSWER:    Defendants admits the allegations contained in paragraph three.

4.    At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

    ANSWER:    Defendants deny the allegations contained in paragraph four.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.    Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.    A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.    A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

ANSWER: Defendants deny the allegations contained in paragraph five(a)-(c).

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> Pregnant female prisoners. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

ANSWER: Defendants deny the allegations contained in paragraph six.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

   a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

  b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

  ANSWER: Defendants deny the allegations contained in paragraph seven(a)-(b).

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

  ANSWER: Defendants deny the allegations contained in paragraph eight.

9. Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about May 6, 2007.

  ANSWER: Defendants admit the allegations contained in paragraph nine.

10. Plaintiff was pregnant when she was admitted to the jail. On or about May 15, 2007, plaintiff was assigned to the Sheriffs "Mom's" program, a residential treatment program for pregnant and postpartum pre-trail detainees which is conducted outside of the Cook County Jail.

  ANSWER: Defendants admit the allegations contained in paragraph ten.

11. On July 25, 2007, Plaintiff was taken to Stroger Hospital for a medical appointment by a counselor from the Mom's program. Plaintiff was not handcuffed or otherwise restrained while being transported to the hospital.

ANSWER; Defendants admit the allegations contained in paragraph eleven.

12. After being seen by her doctor, the plaintiff was admitted to the hospital, and was placed into a labor and delivery room at approximately 3:00 p.m. in the afternoon.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph twelve.

13. While in the labor and delivery room, as required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

ANSWER: Defendants deny the allegations contained in paragraph thirteen.

14. At approximately 6:00 p.m., the plaintiffs doctor induced labor.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph fourteen.

15. As required by defendant Dart's "shackling policy," plaintiff remained shackled while she was in labor.

ANSWER: Defendants deny the allegations contained in paragraph fifteen.

16. After the plaintiff had been in labor for in excessive of thirty hours, the medical staff at Stroger Hospital determined that the health of the plaintiff and her unborn child required that the baby be delivered through a cesarean section.

ANSWER; Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph sixteen.

17. After the plaintiff was transferred to the operating room, an armed Deputy Sheriff removed the shackles from the plaintiffs leg but left the plaintiff handcuffed to the surgical bed.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph seventeen.

18. As required by defendant Dart's "shackling policy," plaintiff remained shackled during post-delivery recovery.

ANSWER: Defendants deny the allegations contained in paragraph eighteen.

19. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

ANSWER: Defendants deny the allegations contained in paragraph nineteen.

20. Plaintiff hereby demands trial by jury.

ANSWER: Defendants admit the allegations contained in paragraph twenty.

**JURY DEMAND**

Defendants respectfully request a trial by jury.

**AFFIRMATIVE DEFENSES**

1. The Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Massey v. Helman* 196 F.3d 727 (7th Cir. 1999) and *Pavey v. Conley* 528 F.3d 494 (7th Cir. 2008).

2. Any injuries the Plaintiff may have incurred at the hands of the Defendants or any medical personnel were brought on my Plaintiff's own actions.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiffs are entitled to any damages or attorney's fees. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiffs on all aspects of their amended complaint and further requests that this Honorable Court grant Defendants' fees, costs, and such other belief that this Court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422
ARDC # 6198416