IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charone Smith, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7791 |
| | ) | Judge Suzanne B. Conlon |
| v. | ) | |
| | ) | |
| Thomas J. Dart, Sheriff of Cook County, | ) | |
| And Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO PLAINTIFF'S MOTION TO BAR

Now comes the defendant Sheriff of Cook County by and through his attorney ANITA ALVAREZ, State's Attorney of Cook County and her Assistants Pat Smith and Maureen Hannon and in response to the "Plaintiff's  Motion to Bar any Use of External Operations Daily Detainee Hospitalization Checklists" (hereinafter "Motion to Bar") states as follows:

## INTRODUCTION

The subject matter of the instant complaint is the manner and the extent to which the Plaintiff was restrained by the office of the Sheriff before, during, and after she gave birth to her healthy child while a detainee at the Cook County Jail.  The issue was originally filed as a class action before Judge Amy St. Eve and class certification was denied on December 9th 2009 in *Zaborowski v. Dart,* 08 C 6946, a copy of which is attached hereto as Exhibit A.   Plaintiffs then filed a Petition for Leave to Appeal to the Seventh Circuit, which was denied on March 23, 2010. A copy of that opinion is attached hereto as Exhibit B.  As a result of the denial of class status, this is one of ten individually filed cases which will proceed separately. Each plaintiff was a detainee who delivered a baby while in custody.   Voluminous discovery was tendered to the

Plaintiff as part of the class discovery.  At the moment the Defendants are participating in the discovery particular to each of the individual cases.

Federal Rule of Civil Procedure 37(c) provides that, "if a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).   "The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court."  *Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2006) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976)).  This instant Motion to Bar is premature and proposes an inequitable remedy based on the circumstances in this case.

A.  *The Records are Relevant and Office of the Sheriff of Cook County is Diligently looking for the Records on Charone Smith.*

Through the class discovery, Plaintiff received over 10,000 documents and specifically over 6,000 documents that include the external operations records regarding restraints of female detainees before, during, and after the delivery of their babies.  Currently, the Sheriff's office is trying to locate the external operations documents for this plaintiff who according to the complaint, delivered her baby on July 25, 2007. [Dkt 1 ¶11]  It is likely that the records on this plaintiff were already produced with the group and/or were misplaced when the massive discovery production was tendered.

Defendant's investigation will continue and hopefully the records will be located since they will necessarily be relevant to both parties. They may document whether the plaintiff was restrained and if so in what manner.  The Federal Rules of Evidence permit any evidence to be introduced at trial that is relevant or likely to make the existence of any fact that is of

consequence to the determination of the action more or less probable. FRE 401.  Relevant evidence may be excluded if its probative value is outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.  The records of the external operations checklist are likely directly relevant to both parties as a potential record made at or near the time of the occurrence and which may make the existence of certain facts more or less probable. Nor are they likely to contain material that will confuse or mislead the jury.  But in any event, the motion is premature unless and until they are recovered and one party wants to introduce them at trial.

     *B.   Plaintiff Has Not Complied With Discovery to the Defendants and Has Not Fully Conferred with Opposing Counsel Regarding Pre-Motion Conferences For Disputes.*

     There is another source of records which may reveal the extent to which plaintiff was restrained during the delivery of her child.  The medical records from Cermak, Stroger, and Mt Sinai Hospital may also provide a piece of the puzzle.  Plaintiff has to date failed to provide these records to the defendants or to tender a signed HIPPA waiver form to enable the Defendants to get these documents on their own. See attached correspondence as <u>Exhibits C and D</u>.  In addition, Plaintiff filed her motion without participating in a meaningful conference to discuss the dispute at hand as required by Rule 26(f). (Fed.R. Civ. P. 26(f)).

     *C.   The Drastic Relief Sought by the Plaintiff of Barring these Records from Being Used At Trial is Inequitable.*

     In his five- paragraph motion to bar, plaintiff cites neither case law nor rule to support the drastic relief requested.  Rather Plaintiff asserts the "the plaintiff would be prejudiced if the checklists materialize after she is deposed and the defendants were permitted to use the

checklists at trial." (Motion to Bar at ¶5).  As a practical matter, the Sheriff has no objection to the scheduling of Plaintiff's deposition further down the road to locate the records at issue.

However, the prejudice to the Plaintiff in giving her deposition without these records would be minimal as she can meet and confer with her attorney at any time prior to the trial. Moreover as the party closest to the occurrence she has more knowledge of what the records actually hold than the office of the Sheriff. *See Bick v. Harrah's Operating Co.*, 2001 U.S. App. Lexis 455, *12 (7th Cir. Jan. 5, 2001) (holding that failure to provide documents that do not surprise a party is harmless).   Any prejudice arising from the failure to locate these records actually falls on the Defendants who are denied the opportunity to fully review the records before taking her testimony on the record.  It would be unfair to the Defendants if the records were located after her deposition but before trial, contradicted her testimony under oath, and then the Sheriff was precluded from using these records to contradict her testimony.


## CONCLUSION

Recognizing that district courts have broad discretion in discovery matters, *Semien v. Life Insurance Company of North America*, 436 F.3d 805, 713 (7th Cir. 2006), the Office of the Sheriff  respectfully requests that the Motion To Bar be denied and the parties continue to complete the discovery in preparation for the trial in this case.  The Motion to Bar is premature, the greater prejudice in proceeding with discovery without these records actually falls on the Sheriff, and finally, Plaintiff does not come forward with this request having fully complied with the tender of outstanding discovery.  Withholding of the HIPPA from is further precluding the parties from gathering the relevant documents for this case.

WHEREFORE, Defendants request that this Court deny Plaintiff's Motion to Bar Any Use of "External Operations Daily Detainee Hospitalization Checklist."

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County
/s/ Maureen O. Hannon
Assistant State's Attorney
Attorney Code: 6206983

Patrick S. Smith
Deputy Supervisor

Maureen O. Hannon
Assistant State's Attorney
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Illinois 60602
(312) 603-1422/ 1424

## CERTIFICATE OF SERVICE

I, Maureen O. Hannon,  hereby certify that, in accordance with Fed. R. CIF. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), the following documents: *Defendants' Response to Motion to Bar* were served pursuant to the District Court's ECF system as to ECF filers on April 20, 2010.

/s/Maureen O. Hannon